Puyper *v.* City of Picayune.

[99 So. 18.   No. 23936.]

(Division B. Feb. 25, 1924.)

Municipal Corporations.   *Ordinance held not properly made part of record on appeal.*

A paper which purports to be a copy of a municipal ordinance, but which has not been identified or marked as an exhibit by the stenographer as required by section 4790, Code of 1906 (section 3143, Hemingway's Code), and which has not been certified to by the clerk of the circuit court as being a copy of any paper or document introduced in evidence and made a part of the record, will not be considered an appeal from a conviction of a violation of a municipal ordinance.

Appeal from circuit court of Pearl River county.
Hon. J. Q. Langston, Judge.

R. E. Puyper was convicted of the unlawful possession of more than one quart of intoxicating liquor in violation of a city ordinance, and he appeals. Reversed and remanded.

*W. A. Shipman* and *T. J. Weaver,* for appellant.

Nowhere in this record is it shown by competent evidence that the possession of intoxicating liquor, in any quantity, is a violation of any ordinance of the city of Picayune. The city clerk was called as a witness for the prosecution. He produced the Book of Ordinances and read in evidence, over defendant's objection, an alleged title to an alleged ordinance No. 84, at page 121. The reading of the title was allowed by the court over appellant's objection, and the objection went to the proposition that the title was incompetent unless the entire ordinance was offered. The court overruled the objection and thereby committed reversible error. The or-

dinance was never offered in evidence, was never read to the jury, and so far as anything to the contrary appears from the record there was and is no ordinance making it a violation of the ordinances of the city to have liquor in one's possession.

This court cannot take judicial notice of the ordinances of a municipality, even though a title be read; such is no more than parol, and the only competent way to prove an ordinance is by the introduction of the official record, or of the original, duly proven and identified. And, without proof of the existence of an ordinance denouncing the possession of intoxicating liquor as an offense in the city, there was and could be no competent and legal evidence of the appellant's guilt before the court.

The verdict is contrary to the law. When the city rested its case, without having put in evidence any ordinance to establish its right to try and convict the defendant of any offense charged in the affidavit, and after the appellant had moved the court for his discharge for the specific reason that the prosecution had so failed to prove its authority to try and convict the appellant, the attention of the city attorney was expressly directed to the omission. There was never any request from the prosecution to reopen the case and supply this vital and altogether necessary testimony. Therefore, it follows that any verdict or judgment, save that of ''Not guilty,'' was contrary to the law.

*J. E. Stockstill,* for appellee.

The stenographer, in preparing his notes and documents introduced in evidence failed to have the entire ordinance in the typewritten transcript of the record made by him. It will be noted that the city clerk was introduced as a witness, and after the required qualification ordinance No. 84 of the city of Picayune was referred to at its paging on the Ordinance Book, and the title to the ordinance was read by the witness in order

that the trial judge might know from the title the character, or the provisions of the ordinance offered in testimony. After properly identifying the ordinance for the purpose of showing relevancy and competency the entire body of the ordinance was introduced and the stenographer, in the court record, indicates by the word "ordinance" where he should have placed it in the record.

The said ordinance in its entire form was actually introduced and considered by the trial court and the jury in the trial of this case. We say that due proof of the ordinance was made, and that the same was in its full form, properly introduced, and that the same is now before the supreme court under the direction of the trial court, and that the record of the testimony shows that there was such ordinance, and that there was a proper charge by affidavit against the defendant for its violation, and that the testimony of the witness for the city was clear, certain and unmistakable, and the jury saw fit to believe it and convict the defendant, and that such was in order, and without reversible error.

*W. A. Shipman & I. J. Weaver* for appellant in reply.

From what laws, or from which rule of the supreme court does the city attorney derive warrant of authority for the proceeding used in trying to get into the record a writing which he is good enough to denominate, "said ordinance No. 84?" Certainly there is nothing in the statute, chapter 145, Acts 1920, that will authorize such a proceeding. When the appeal is taken and perfected in the manner and form prescribed by the law, there is no part of the case pending or remaining in the trial court. So far as this case is concerned, when the appellant gave the notice and executed the appeal bond and cost bond, this case was automatically lifted out of the jurisdiction of the circuit court. Therefore any attempt by the trial court, or the judge thereof, to exercise any

further authority herein was, and can only be, an utter nullity.

Rule 4 of the supreme court points out the proper and only method for supplying omissions from any part of the record; and of course the provisions of this rule contemplate notice to the adverse party, when the suggestion is filed. There was no such notice here.

COOK, J., delivered the opinion of the court.

The appellant was convicted in the police court of the city of Picayune of having in his possession more than one quart of intoxicating liquor. He appealed to the circuit court, and was again convicted, and from this judgment he has prosecuted this appeal.

At the trial in the circuit court the clerk of the city of Picayune was offered as a witness to identify an ordinance of the city making offenses under the penal laws of the state, amounting to a misdemeanor, offenses against the city of Picayune, when committed within the corporate limits of said city. In response to a request so to do the witness read to the jury the caption of such an ordinance, and counsel for the city announced that he desired to introduce the entire ordinance. At the conclusion of the testimony for the city a motion was made for a peremptory instruction to find the defendant not guilty, for the reason that "the city of Picayune has failed to prove any ordinance, except by reading the caption thereof, and it is not shown what the ordinance itself contains." This motion was overruled.

The original transcript of the record as filed in this court contains the caption of a purported ordinance, but the ordinance itself nowhere appears in the record, and it does not appear that the ordinance, or a copy thereof, was in any way identified by the stenographer, or made an exhibit to the testimony of the witness. After the assignments of error and the appellant's original brief were filed in this court, a motion was presented to the

circuit judge seeking to have an order made directing the circuit clerk to send up "an original paper, or a certified copy of same, to-wit, city Ordinance No. 84, in and for the city of Picayune, which was introduced in the trial of this cause, and which was omitted from the transcript of the record made by the stenographer in' said cause." It nowhere appears that any notice of this motion was given to the appellant or his counsel, but the circuit judge thereupon signed an order directing the circuit clerk to forward to the clerk of this court the original ordinance or a certified copy thereof, and the circuit clerk has transmitted to this court the original motion presented to the circuit judge, the original order signed by the judge, and a copy of an ordinance which purports to have been certified by the clerk of the city of Picayune. The circuit clerk certifies that the order of the circuit judge which he forwarded to this court was the original order signed by the judge, but he does not certify that the paper attached, which purports to be a copy of an ordinance of the city of Picayune, was introduced in evidence, or that it is a copy of any ordinance of the city certified to by the proper municipal authority.

The paper which has been filed with the record in this cause, and which purports to be a copy of the municipal ordinance, does not appear to have been identified or marked as an exhibit by the stenographer, as required by section 4790, Code of 1906 (section 3143, Hemingway's Code), and the clerk of the circuit court has not certified that it is a copy of any paper or document that was introduced in evidence and made a part of the record, and, since we cannot take judicial notice of municipal ordinances, and this paper has not been properly made a part of the record, it cannot be considered.

The judgment of the court below will therefore be reversed and the cause remanded.

*Reversed and remanded.*